UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                      :

DAVID FINKELSTEIN, *individually and on behalf of all* :
*others similarly situated*, et al.,             :

                      :

              Plaintiffs,       :          24-CV-4056 (JMF)

                      :

      -v-                :         <u>MEMORANDUM OPINION</u>
                      :            <u>AND ORDER</u>

ANDREW FOX et al.,           :

                      :

              Defendants.     :

                      :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On June 23, 2026, the Court entered an Opinion and Order granting in part and denying in part Defendants' motions to dismiss. *See* ECF No. 194. As relevant here, the Court dismissed all claims against a group of Defendants known collectively as the Arena Defendants. On July 7, 2026, the Arena Defendants filed a motion for attorney's fees and nontaxable expenses pursuant to Rules 11 and 54(d)(2) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(c). *See* ECF No. 198; *see also* ECF No. 200 ("Arena Defs.' Mem."). In the alternative, the Arena Defendants invited the Court to deny the motion "without prejudice to renewal after final judgment if the Court concludes that PSLRA final adjudication has not yet occurred." Arena Defs.' Mem. 12.

The Court accepts the Arena Defendants' alternative invitation. Under Rule 54(d)(2)(B)(i), a claim for attorney's fees and nontaxable expenses must "be filed no later than 14 after the entry of judgment." But the Rule provides that a "judgment" includes a decree or order "from which an appeal lies," Fed. R. Civ. P. 54(a), and, unless a court orders otherwise, does *not* include "any order or other decision, however designated, that adjudicates fewer than all

the claims or the rights and liabilities of fewer than all the parties," Fed. R. Civ. P. 54(b); *see also, e.g.*, *Livecchi v. Cont'l Sec. Corp.*, 100 F. App'x 860 (2d Cir. 2004) (summary order) ("Absent an express direction for the entry of judgment against one party, an order by a district court that adjudicates fewer than all the claims in a case is not a final order." (cleaned up)).  The Court's June 23, 2026 Opinion and Order was of the latter stripe: It did not resolve all claims against all parties.  Accordingly, it was not a final judgment and did not "trigger[] the Rule 54(d)(2) deadline for motions seeking attorneys' fees."  Arena Defs.' Mem. 11.  Thus, the Arena Defendants' motion is DENIED without prejudice to renewal after the Court enters final judgment as to all claims against all Defendants.  *See, e.g.*, *Lin v. Yuri Sushi, Inc.*, No. 18-CV-528 (GBD) (OTW), 2025 WL 774911, at *4 (S.D.N.Y. Mar. 11, 2025).

The Clerk of Court is directed to terminate ECF No. 198.

SO ORDERED.

Dated: July 9, 2026
     New York, New York

_____
JESSE M. FURMAN
United States District Judge

2