# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID FINKELSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW FOX, LEAH SCHWELLER, CRAIG DENSON, PHILLIP P. SCALA, JUSTIN DEUTSCH, JAMES MURPHY, BARON DAVIS, BENJAMIN CARSON, JR., CHANTEL E. LENARD, GARY JACOBS, AMY HANSON, JACKY WU, KENNETH ORR, KORR ACQUISITIONS GROUP, INC., KORR VALUE, L.P., ARENA INVESTORS, LP, AI AMPED I, LLC, AI AMPED II, LLC, MT. WHITNEY SECURITIES, LLC, ARENA ORIGINATION CO., LLC, ARENA FINANCE MARKETS, LP, ARENA SPECIAL OPPORTUNITIES FUND, LP, ARENA SPECIAL OPPORTUNITIES PARTNERS, I, LP, ARENA STRUCTURED PRIVATE INVESTMENTS LLC, and ARENA INVESTORS GP, LLC,<br><br>Defendants. | Case No. 1:24-cv-04056 (JMF)<br><br>Honorable Jesse M. Furman |

**<u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>**

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of October ___, 2026, is entered into by and between the (1) Court-appointed Lead Plaintiff Timothy K. Klintworth ("Lead Plaintiff" or "Plaintiff"), on behalf of himself and the Settlement Class (as defined below) and (2) Defendants Andrew Fox, Leah Schweller, and Craig Denson (collectively, the "Management Defendants"); and (3) Phillip Scala, Justin Deutsch, James Murphy, Baron Davis, Benjamin Carson, Jr., Chantel Lenard, Gary Jacobs, Amy Hanson, and Jacky Wu (collectively, the

"Director Defendants" and, with the Management Defendants, the "Settling Defendants," and together with Lead Plaintiff, the "Parties"). This Stipulation embodies the terms and conditions of the settlement among the Parties hereto, and is intended to fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss with prejudice all claims asserted against the Settling Defendants, all Released Plaintiffs' Claims (defined below) against all Releasees, and if approved, will result in dismissal of the above-captioned Action (the "Action") with prejudice.

**WHEREAS:**

**A. The Action**

A. On May 28, 2024, a class action complaint, styled *Finkelstein v. Fox et al.*, Case No. 1:24-cv-04056 (JMF), was filed in the United States District Court for the Southern District of New York asserting violations of the federal securities laws against certain of the Management Defendants, on behalf of all persons and entities who purchased or otherwise acquired the common stock of Charge Enterprise, Inc. ("Charge") from December 15, 2021 and February 28, 2024, both dates inclusive. Dkt. No. 1.

B. On August 29, 2024, the Court appointed Steven Weil, David Klein, Issac Bryon and Elliot Abromowitz (the "Brooklyn Investor Group") as Lead Plaintiffs in the Action and approved the Brooklyn Investor Group's selection of Kirby McInerney LLP and Rolnick Kramer Sadighi LLP as Co-Lead Counsel for the Class. Dkt. No. 44.

C. On November 5, 2024, the Brooklyn Investor Group filed the Amended Complaint for Violations of the Federal Securities Laws adding as additional defendants Kenneth Orr, Korr Acquisition Group, Inc. and Korr Value, L.P. (the "Korr Defendants"). Dkt. No. 51.

D. On November 14, 2024, the Court So Ordered the notice of voluntary partial dismissal without prejudice filed by Lead Plaintiffs Steven Weil and David Klein. Dkt. No. 55.

Also on November 14, 2024, the Court issued an Order to Show Cause observing that "without Weill and Klein, the Brooklyn Investor Group would not have had the largest financial interest in the relief sought; that title would presumably have gone to Timothy K. Klintworth instead. *See* ECF Nos. 37-1, 37-2. Dkt. No. 56. The Court Ordered that the Brooklyn Investor Group show cause why the Court should not reopen the appointment of Lead Plaintiff and/or substitute Klintworth in its place as Lead Plaintiff. (*Id.*).

E. On December 5, 2024, the Court reopened the appointment of Lead Plaintiff and granted Lead Plaintiff Klintworth's request to be substituted as Lead Plaintiff in place of the Brooklyn Investor Group, Dkt. No. 60, and approved the appointment of Bragar Eagel & Squire, P.C. as new Lead Counsel for Lead Plaintiff and the proposed class. Dkt. No. 61.

F. On December 13, 2024, the Court approved the parties' proposed order providing for the duties and responsibilities of Lead Plaintiff and Lead Counsel, and setting a schedule for the filing of a Second Amended Complaint no later than January 17, 2025. Dkt. No. 63.

G. On January 17, 2025, Lead Plaintiff filed a Second Amended Complaint for Violations of the Federal Securities Laws, adding as defendants Arena Investors, LP, AI Amped I, LLC, AI Amped II, LLC, Mt. Whitney Securities, LLC, Arena Origination Co., LLC, Arena Finance Markets, LP, Arena Finance Markets, LP, Arena Special Opportunities Fund, LP, Arena Special Opportunities Partners, LLP, Arena Structured Private Investments, LLC, and Arena Investors GP, LLC (collectively, the "Arena Defendants"). Dkt. No. 66.

H. On March 5, 2025, Lead Plaintiff moved pursuant to Federal Rule of Civil Procedure 15(a)(2) for an Order granting leave to file a Third Amended Complaint to add certain outside directors of Charge as defendants. Dkt. No. 81.

I. On March 9, 2025, the Court granted Lead Plaintiff's motion for leave to amend the Second Amended Complaint and ordered that any such complaint be filed on or before March 11, 2025. Dkt. No. 84. On March 10, 2025, Lead Plaintiff filed the Third Amended Complaint for Violation of the Federal Securities Laws (the "TAC") adding Director Defendants Philip P. Scala, Justin Deutsch, James Murphy, Baron Davis, Benjamin Carson, Jr. Chantel E. Lenard, Gary Jacobs, Amy Hanson and Jacky Wu as defendants. Dkt. No. 85.

J. In and around February and March 2025, Lead Plaintiff and counsel for certain of the defendants began discussions regarding an early mediation. On April 11, 2025, Lead Plaintiff and certain defendants agreed in a Joint Stipulation to an extension of time for those defendants to answer or otherwise respond to the TAC until 30 days after the completion of mediation. Dkt. No. 99. On April 15, 2025, the Court approved the stipulation and directed the parties to advise the Court of the date of the scheduled mediation. Dkt. No. 103.

K. On April 14, 2025, the Arena Defendants filed a motion to dismiss the TAC under Rule 12(b) of Federal Rules of Civil Procedure. Dkt. No. 100. On April 16, 2025, the Court issued an order directing that Plaintiff file any amended complaint, by May 5, 2025 (extended by agreement and Order to May 19, 2025), in response to the motion to dismiss. Dkt. No. 107. The Court further ordered that Plaintiff would not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss. *Id.*

L. On May 19, 2025, Lead Plaintiff filed the Fourth Amended Complaint for Violation of the Federal Securities Laws (the "FAC"). Dkt. No. 119.

M. On June 23, 2025, the Arena Defendants filed a motion to dismiss the FAC under Rule 12(b) of Federal Rules of Civil Procedure. Dkt. No. 125.

N. On July 29, 2025, an in-person mediation was conducted with David Murphy of Phillips, ADR, a well-respected and highly experienced mediator in the area of securities class actions, in which certain defendants participated. The Parties exchanged detailed mediation statements in connection with the mediation process. The Parties did not reach a resolution at the mediation.

O. On July 30, 2025, Lead Plaintiff moved for the entry of default against defendants Phillip P. Scala ("Scala"), James Murphy ("Murphy"), and Benjamin Carson, Jr. ("Carson"), for failure to appear or respond in a timely manner. Dkt. No. 132. On July 31, 2025, the Court scheduled a briefing schedule for the default judgment with opposition due on August 20, 2025, and a show cause hearing on the motion for August 27, 2025. Dkt. No. 136.

P. On August 20, 2025, Defendants Murphy, Carson, and Scala filled a Brief in Opposition to Plaintiff's Motion for Entry of Default Judgment (the "Opposition"), and proposing an order setting their response to the FAC as September 15, 2025. Dkt. No. 143. The parties subsequently conferred and stipulated that Lead Plaintiff would withdraw his request for a default and defendants Murphy, Carson, and Scala would acknowledge service and have until September 15, 2025, to respond to the FAC. Dkt. Nos. 144 & 148 (Order).

Q. On August 21, 2025, Lead Plaintiff filed his opposition to the Arena Defendants' motion to dismiss the FAC. Dkt. No. 147.

R. On September 15, 2025, defendants Fox (Dkt. No. 170), Denson, and Schweller (Dkt. No. 171), the Director Defendants (Dkt. Nos. 163 &164), and the Korr Defendants (Dkt. No. 166) each filed motions to dismiss the FAC.

S. On September 22, 2025, the Arena Defendants file their reply in further support of their motion to dismiss. Dkt. No. 173.

T. On November 6, 2025, Lead Plaintiff filed his consolidated opposition to the Motions to Dismiss the Fourth Amended Complaint filed by defendants Fox, Denson and Schweller, the Director Defendants, and the Korr Defendants. Dkt. No. 176.

U. On December 11, 2026, defendants Fox, Denson and Schweller and the Director Defendants filed a consolidated reply in further support of their respective motions to dismiss the FAC (Dkt. No. 178), and the Korr Defendants filed their own reply in further support of their motion to dismiss the Complaint (Dkt. 177).

V. On March 17, 2026, Lead Plaintiff moved for an Order providing for limited relief from the automatic stay of discovery to allow for certain discovery ("Discovery Motion"). Dkt. No. 182. Also on March 17, 2026, the Court issued an Order providing that Defendants shall file responses, if any, to Lead Plaintiff's Discovery Motion no later than March 27, 2026 (extended to April 10, 2026), and should confer in good faith and, to the extent feasible, submit responses jointly. Dkt. No. 186.

W. On April 10, 2026, the Management Defendants and the Director Defendants filed a joint opposition to Lead Plaintiff's Discovery Motion. Dkt. No. 191. Also on April 10, 2026, the Arena Defendants filed an opposition to Lead Plaintiff's Discovery Motion. Dkt. No. 192.

X. On April 17, 2026, the Court issued an Order denying Lead Plaintiff's Discovery Motion. Dkt. No. 193.

Y. On June 23, 2026, the Court issued its Opinion and Order granting the motions to dismiss filed by the Arena Defendants, the Korr Defendants, and defendant Fox. Dkt. No. 194. The Order granted the Director Defendants' Motion to dismiss, except as to defendant Scala regarding the claims involving the alleged Korr Value LPA, and granted defendants Denson and Schweller's motion to dismiss, except as to their alleged misstatements and omissions regarding

Charge's liquidity or lack thereof. Dkt. No. 194 at 40-41. Finally, the Court refused to allow Plaintiff leave to amend the dismissed claims. *Id.* By separate Order the Court scheduled an initial pre-trial conference for August 19, 2026. Dkt. No. 195.

Z. On August 6, 2026, defendant Scala filed his answer to the FAC. Dkt. No. 203. The time for defendants Schweller and Denson to answer the FAC was extended by stipulation until August 13, 2026. Dkt. Nos. 204 & 205.

**B. The Settlement**

A. Beginning in early April 2026 and continuing throughout the period until the Parties reached an agreement in late July 2026, counsel for Lead Plaintiff and the Settling Defendants continued discussions regarding a possible settlement of the claims asserted against these defendants. In July, the Parties agreed to return to mediation, this time with Michelle Yoshida, Esq., an experienced mediator also with Phillips ADR, and a zoom mediation was scheduled for Thursday, July 29, 2026. With Ms. Yoshida's assistance, the Parties continued their discussions and reached an agreement in principle on the eve of the scheduled mediation.

B. On August 12, 2026, the Parties executed a Term Sheet setting forth their agreement in principle to settle and release the claims asserted in the Action against the Settling Defendants in return for a cash payment by the Settling Defendants of $4,000,000.00 for the benefit of the Class, subject to certain terms and conditions and the execution of a customary settlement agreement and related papers.

C. On August 12, 2026, the Parties notified the Court of their agreement in principle to settle the remaining claims in the Action and requested an adjournment of the initial pre-trial conference and a stay of the action. Dkt. No. 206. Pursuant to the Parties' joint letter, the Court granted the motion for a stay and ordered the Parties to file a motion for approval of the settlement no later than September 28, 2026 (extended by Order to October 12, 2026). ECF No. 207.

D. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

**C. Defendants' Denial of Wrongdoing and Liability**

The Settling Defendants have denied and continue to deny any wrongdoing. They maintain that they have not committed any act or omission giving rise to any liability or violation of law, including, but not limited to, the United States' securities laws. The Settling Defendants have denied and continue to deny all charges of wrongdoing or liability against them arising out of the conduct, statements, acts or omissions alleged, or that could have been alleged in the Action, including each and every one of the Claims alleged by Lead Plaintiff in the Action on behalf of the Settlement Class, including all Claims in the FAC. The Settling Defendants also have denied, and continue to deny, *inter alia*, the allegations that Plaintiff or Settlement Class Members have been damaged or were otherwise harmed by the conduct alleged in this Action or that could have been alleged in this Action. The Settling Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws, and further maintain that they have meritorious defenses. Nonetheless, the Settling Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation solely to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal or release of this Action and the Released Plaintiff Claims.

The Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Settling Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or

liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted in this Action.

**D. Plaintiff's Claims and Benefits of Settlement**

In connection with this Action, Plaintiff through Lead Counsel conducted a thorough investigation relating to the Claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by Charge with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning Charge; (iii) research reports issued by financial analysts concerning Charge; (iv) other publicly available information and data concerning Charge; (v) documents filed and produced in the bankruptcy proceedings entitled *In re: Charge Enterprises, Inc.*, Case No. 24-10349 (TMH) (Bankr. Del.), and (vi) the applicable law governing the Claims and potential defenses. Plaintiff's Counsel also consulted with experts on market efficiency, loss causation, and damages issues.

Plaintiff believes that the Claims asserted in the Action have merit and that the information developed to date supports the Claims asserted. Plaintiff, however, recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against the Settling Defendants through trial and appeals. Plaintiff has also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiff has considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by the Settling Defendants during litigation, motions for summary judgment, and trial. Plaintiff has also considered the risks of litigation involving individuals with the limited available insurance that might cover any losses. Plaintiff has therefore determined that the Settlement set forth in this Stipulation is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE**, without any concession by Lead Plaintiff that the Action lacks merit and without any concession by the Settling Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among Lead Plaintiff (individually and on behalf of all members of the Settlement Class) and the Settling Defendants, through their respective attorneys, subject to approval by the Court pursuant to Federal Rule of Civil Procedure 23(e), that, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims as against all Released Parties shall be fully, finally, and forever compromised, settled and released, and the Action shall be dismissed as against the Settling Defendants with prejudice and without costs, upon and subject to the terms and conditions of this Stipulation, as follows:

**1. Definitions**

As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the meanings specified below:

**1.1** "Action" means the consolidated action captioned *Finkelstein v. Fox et al.*, Civil Action No. 24-cv-04056 (JMF), pending in the United States District Court for the Southern District of New York.

**1.2** "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

**1.3** "Award to Plaintiff" means the requested award to Plaintiff to compensate him for his time and contributions to the Action, and for his reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), directly related to Plaintiff's representation of the Settlement Class in the Action.

**1.4** "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

**1.5** "Claim" or "Claims" with respect to this Action only means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fines, dues, charges, fees, expenses, rights, grievances, duties, judgments, sums of money, suits, contracts, agreements, promises, accounts, damages, actions, potential claims, counterclaims, cross-claims, causes of action and liabilities, of any kind or nature or description whatsoever, whether based in statute, law or equity, contract, tort or any other grounds or authority or otherwise (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), asserted or unasserted, express or implied, direct or derivative, foreseen or unforeseen, suspected or unsuspected, matured or unmatured, fixed, contingent or vested, liquidated or unliquidated, accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

**1.6** "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process Proofs of Claim, and to administer the Settlement.

**1.7** "Lead Counsel" means the law firm of Bragar Eagel & Squire, P.C.

**1.8** "Court" means the United States District Court for the Southern District of New York.

**1.9** "Settling Defendants" means defendants Andrew Fox, Leah Schweller, Craig Denson, Phillip Scala, Justin Deutsch, James Murphy, Baron Davis, Benjamin Carson, Jr., Chantel Lenard, Gary Jacobs, Amy Hanson, and Jacky Wu.

**1.10** "Settling Defendants' Counsel" means the law firms of McCarter & English, LLP, Baker Botts L.L.P., Dinsmore & Stohl LLP, Marion & Allen, P.C., and Stevens & Lee, P.C.

**1.11** "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶ 11.1 below.

**1.12** "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to Lead Counsel's supervision, for the benefit of Plaintiff and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

**1.13** "Escrow Agent" means Citibank, N.A., or its appointed agents.

**1.14** "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, including any Award to Plaintiff.

**1.15** "Final," with respect to a court order, means the latest of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time to file a notice of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking

review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses and Award to Plaintiff, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

**1.16** "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

**1.17** "Lead Plaintiff" means Timothy K. Klintworth.

**1.18** "Mediator" means Michelle Yoshida, Esq. of Phillips ADR.

**1.19** "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any attorneys' fees and expenses awarded by the Court; (iv) any Award to Plaintiff; and (v) any other fees and expenses awarded by the Court.

**1.20** "Notice" means collectively, the Notice of Pendency of Class Action and Proposed Class Action Settlement (the "Long Notice"), the Summary Notice of Pendency of Class Action and Proposed Class Action Settlement (the "Summary Notice"), and the short form postcard notice (the "Postcard Notice"), substantially in the form attached hereto as Exhibits A-1, A-3, and A-4 which are to be posted on the Settlement Website and/or mailed or e-mailed to Settlement Class Members.

**1.21** "Notice and Administration Costs" means all costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with providing Notice

to the Settlement Class and administering the Settlement, including, but not limited to: (i) disseminating the Notice to the Settlement Class; (ii) receiving and reviewing Claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and Claims administration process; (v) distributing the proceeds of the Settlement; and (vi) establishing and maintaining the Escrow Account.

**1.22** "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and Notice given pursuant thereto.

**1.23** "Parties" means Lead Plaintiff Timothy K. Klintworth and the Settling Defendants.

**1.24** "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any other business or legal entity.

**1.25** "Plan of Allocation" means a formula for allocating the Settlement Fund to Authorized Claimants after payment of Notice and Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses, and Award to Plaintiff as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

**1.26** "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and

Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

**1.27** "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-2 hereto.

**1.28** "Released Claims" or "Releases" means the Released Defendant Claims and the Released Plaintiff Claims.

**1.29** "Released Defendant Parties" means the Settling Defendants, Settling Defendants' Counsel, all former directors, officers, employees of Charge Enterprises, Inc. ("Charge" or the "Company"), and each and all of their respective agents, attorneys, representatives, successors, heirs, assigns, executors, administrators, principals, insurers and reinsurers, and all persons acting by, through, under, or in concert with them or on their behalf.

**1.30** "Released Defendant Claims" means all Claims and causes of action of every nature and description, including both known Claims and Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that the Settling Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the Claims in the Action, except for (i) Claims relating to the enforcement of the Settlement; or (ii) any Claims against any Person who submits a request for exclusion that is accepted by the Court.

**1.31** "Released Parties" means the Released Settling Defendant Parties and the Released Plaintiff Parties.

**1.32** "Released Plaintiff Claims" means any and all Claims and causes of action of every nature and description whatsoever, including both known Claims and Unknown Claims (defined below), known or unknown, representative or derivative or otherwise, contingent or absolute, whether matured or unmatured, whether discoverable or undiscoverable, whether liquidated or unliquidated, whether accrued or unaccrued , concealed or hidden, whether brought directly or indirectly, regardless of legal or equitable theory and whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, asserted in the Action or that could have been asserted in any court or forum that arise out of or are based upon, in any way and in the broadest sense, the same allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action and relate to the purchase or other acquisition of Charge common stock during the Class Period. Released Plaintiff Claims do not include: (i) Claims relating to the Proofs of Claims filed and/or enforcement of the Settlement; or (ii) any Claims of Persons who submit a request for exclusion that is accepted by the Court.

**1.33** "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiff, Lead Plaintiff's Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, accountants, predecessors, successors, assigns, insurers, reinsurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

**1.34** "Settlement" means the resolution of the Action contemplated by and in accordance with the terms and provisions of this Stipulation.

**1.35** "Settlement Amount" means the total principal amount of Four Million U.S. Dollars ($4,000,000.00) in cash.

**1.36** "Settlement Class" means all Persons and entities who purchased or otherwise acquired Charge common stock during the period from October 28, 2021, through and including February 28, 2024 (the "Class Period"), and were damaged thereby ("Settlement Class"). Excluded from the Settlement Class are the Settling Defendants, other former officers and directors of Charge, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, the Settling Defendants' liability insurance carriers and any affiliates or subsidiaries thereof in their capacities as such, and any entity in which any excluded party has or had a controlling interest. Also excluded from the Settlement Class will be any Person who or which requests exclusion from the Settlement Class by submitting a timely and valid request for exclusion that is accepted by the Court.

**1.37** "Settlement Class Member" means a member of the Settlement Class.

**1.38** "Settlement Fund" means the Settlement Amount and any interest earned thereon.

**1.39** "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**1.40** "Settlement Website" means the website created specifically for the Settlement on which the Notice and Claim Form, as well as other information related to the Action and the Settlement, will be posted.

**1.41** "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

**1.42** "Tax Expenses" means the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any Taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement Fund).

**1.43** "Unknown Claims" means any and all Released Plaintiff Claims that Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendant Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiff Claims and Released Defendant Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff and the Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall be deemed to have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiff, other Settlement Class Members, or the Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff Claims and the Released Defendant Claims, but Plaintiff and the Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff Claims and Released Defendant Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiff and the Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff Claims and Released Defendant Claims was separately bargained for and was a material element of the Settlement.

**2. The Settlement Consideration**

**2.1** In consideration of the full and final release, settlement, and discharge of all Released Claims against the Released Parties, the Settling Defendants shall pay, or cause to be paid, the Settlement Amount into the Escrow Account. Lead Counsel shall provide to Settling Defendants' Counsel the information necessary to effectuate a transfer of funds to the Escrow Account, including: (a) a Form W-9; (b) accurate wiring instructions, including a SWIFT Code; and (c) contact information for a representative of the financial institution responsible for the

Escrow Account that will allow the Settling Defendants to verbally confirm the wiring instructions. Settling Defendants' obligation to pay, or cause to be paid, the Settlement Amount into the Escrow Account shall be within the latter of: (i) thirty (30) calendar days after the Court's entry of the Preliminary Approval Order, or (ii) thirty (30) calendar days following Lead Counsel's provision of the bank transfer information described above.

**2.2** Settling Defendants' Counsel shall have no obligation for, responsibility for, interest in, or involvement with respect to: (i) any determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) the Fee and Expense Application; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

**2.3** Other than the obligation of the Settling Defendants to cause the payment of the Settlement Amount pursuant to ¶ 2.1, the Settling Defendants and their insurers shall have no obligation to make any other payments whatsoever into the Escrow Account or to any Settlement Class Member or Lead Plaintiff's Counsel in settlement of this Action or pursuant to this Stipulation, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision or distribution of any portion of the Settlement Amount.

**3. Scope and Effect of Settlement Releases**

**3.1** The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment reflecting such approval becoming final; and (ii) in full

and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiff Claims and Released Defendant Claims.

**3.2** Solely for the purposes of this Settlement, the Settling Defendants agree not to contest that the Settlement Class satisfies all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) such that this Action is properly maintained as a Settlement Class action.

**3.3** By operation of the Judgment, as of the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiff Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim Form, and whether or not such Settlement Class Member shares or seeks to share in the Settlement Fund, except with respect to claims to enforce any of the terms of this Stipulation.

**3.4** By operation of the Judgment, as of the Effective Date, the Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant Claims against any and all of the Released Plaintiff Parties.

**4. Use of Settlement Fund**

**4.1** The Settlement Fund shall be used: (i) to pay any Taxes and Tax Expenses; (ii) to pay Notice and Administration Costs; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any Award to Plaintiff; (v) to pay any other fees and expenses awarded by the Court; and (vi) to pay the Claims of Authorized Claimants.

**4.2** The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 7.3-7.7 herein. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, or further order of the Court.

**4.3** The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Settling Defendants and Settling Defendants' Counsel shall have no responsibility for or involvement in any investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

**4.4** The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or at the direction of Lead Counsel.

**4.5** Prior to or following the Effective Date of the Settlement, Lead Counsel may pay from the Settlement Fund, without further approval from the Court, Notice and Administration Costs actually incurred and paid or payable up to $250,000. If the Settlement is

terminated pursuant to the terms of this Stipulation, the Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to the Settling Defendants, any of the other Released Defendant Parties or any other Person or entity who or which paid any portion of the Settlement Amount.

**5. Taxes**

**5.1** After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or their designee shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶ 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be solely the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

**(a)** For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well

as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated Taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this ¶ 5.1.

**(b)** All Taxes shall be paid out of the Settlement Fund. In all events, the Settling Defendants and Settling Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority. Settling Defendants shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority.

**(c)** Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by the Settling Defendants. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this ¶ 5.1. Settling Defendants and Settling Defendants' Counsel shall have no liability or responsibility whatsoever if it is later determined that the Settlement Fund is a not a "qualified settlement fund." The Settlement Fund shall indemnify Settling Defendants for all Taxes or tax detriments that may be imposed upon the Settling Defendants with respect to any

income earned by the Settlement Fund. Without limiting the foregoing, from the Settlement Fund, the Escrow Agent shall reimburse the Settling Defendants within ten (10) days of written demand jointly submitted by Lead Counsel and Settling Defendants' Counsel for any such Taxes to the extent they are imposed on Settling Defendants for a period during which the Settlement Fund does not qualify as a "qualified settlement fund."

**5.2** The Settlement is not a Claims-made settlement. Upon the occurrence of the Effective Date, no Settling Defendant, other Released Defendant Parties, or any other Person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims (as defined in the Plan of Allocation contained in the Notice) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

**6. Preliminary Approval Order**

**6.1** By no later than October 12, 2026, Lead Plaintiff will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of, *inter alia*, Final Approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application. Settling Defendants agree not to oppose the motion for preliminary approval. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Settling Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, which shall contain the Notice exhibits substantially in the form set forth in Exhibit A-1 (Long Notice), Exhibit A-2 (Proof of Claim), Exhibit A-3 (Summary Notice), and Exhibit A-4 (Postcard Notice).

**7. Notice, Settlement Administration, and Distribution of the Settlement Fund**

**7.1** Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

**7.2** The Claims Administrator, subject to such supervision and direction of Lead Counsel or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. Settling Defendants and Settling Defendants' Counsel shall have no responsibility for or involvement with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

**7.3** The Settlement Fund shall be applied as follows:

**(a)** To pay the Taxes and Tax Expenses described in ¶ 5.1 above;

**(b)** To pay Notice and Administrative Costs;

**(c)** To pay Plaintiff's Counsel attorneys' fees and litigation expenses with accrued interest, as well as to pay any Award to Plaintiff for reimbursement of his time and expenses, to the extent allowed by the Court, detailed in ¶ 8.1 below; and

**(d)** To distribute the balance of the Settlement Fund, that is the Settlement Fund less the items set forth in ¶ 7.3 (a), (b), and (c) hereof (*i.e.*, the Net Settlement Fund), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**7.4** The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as

defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

**7.5** The Settling Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. The Settling Defendants and Settling Defendants' Counsel shall have no responsibility or liability for reviewing or challenging Claims, the Plan of Allocation, or the distribution of the Net Settlement Fund.

**7.6** Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

**7.7** If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Costs, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is no longer cost-

effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

**7.8** In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to post the Long Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, any Settling Defendant who has information about the last known contact information for Charge's transfer agent will provide that information to Lead Counsel or the Claims Administrator.

**7.9** Any Settlement Class Member who fails to timely submit a valid Proof of Claim (substantially in the form of Exhibit A-2) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all Releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiff Claims.

**7.10** Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be *de minimis* or formal or technical defects in any Proof of Claim submitted. Settling Defendants and Settling Defendants' Counsel shall have no liability,

obligation, or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of Claims. Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

**7.11** For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

**(a)** Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit A-2, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

**(b)** All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Postcard Notice, Long Notice, Summary Notice, and Claim Form, unless such deadline is extended by Lead Counsel in their discretion or by order of the Court. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless such late-filed Settlement Class Member's Claim Form is accepted by Order of the Court), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of Released Defendant Parties with respect to any Released Plaintiff Claim. A Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-Settlement Class mail or overnight U.S. mail and addressed in accordance with the instructions thereon. In all other cases, the Claim

Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

**(c)** Each Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

**(d)** Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

**(e)** If any Claimant whose Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

**7.12** Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. In connection with processing the Claim Forms, no discovery shall be allowed to be directed to any of the Released Defendant Parties, and no discovery shall be allowed on the merits of the Action or the Settlement.

**7.13** Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants. All Settlement Class Members whose Claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiff Claims.

**7.14** All proceedings with respect to the administration, processing and determination of Claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

**7.15** No Person shall have any claim of any kind, whatsoever, against the Released Defendant Parties or Settling Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶ 7.1-7.13) or any of its subsections, or otherwise related in any way to the

administration of the Settlement, including without limitation the processing of Claims and distributions.

**7.16** No Person shall have any claim against Plaintiff, Plaintiff's Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

**8. Attorneys' Fees and Expenses**

**8.1** Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, including any Award to Plaintiff, plus interest on such amounts at the same rate and for the same periods as earned by the Settlement Fund. The Settling Defendants shall take no position with respect to the Fee and Expense Application.

**8.2** Any attorneys' fees and litigation expenses that are awarded by the Court shall be paid from the Escrow Account immediately upon entry of the Judgment, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Settling Defendants' Counsel notice of the

termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or litigation expenses has become Final. Lead Counsel agrees as a condition of receiving such fees and expenses that such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

**8.3** The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or litigation expenses are not conditions of the Settlement embodied herein and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Neither Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or litigation expenses, and any appeal from any order awarding attorneys' fees and/or litigation expenses or any reversal or modification of any such order shall not affect or delay the finality of the Judgment.

**8.4** Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

**8.5** The attorneys' fees and litigation expenses that are awarded to Lead Counsel pursuant to this Stipulation shall be payable solely from the Settlement Fund. With the sole exception of Settling Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 2.1 above, the Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or litigation expenses to Lead Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or

litigation expenses incurred by or on behalf of any other Settlement Class Member in connection with this Action or the Settlement.

**9. Settlement Class Certification**

**9.1** Solely for the purpose of the Settlement, the Parties hereby stipulate and agree to: (a) certification of the Action as a Settlement Class action, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, consistent with the definition of the Settlement Class; (b) appointment of Lead Plaintiff as representative for the Settlement Class; and (c) appointment of Lead Counsel as Settlement Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Lead Plaintiff will move for entry of the Preliminary Approval Order, which will provisionally certify the Action to proceed as a Settlement Class action for settlement purposes only. Lead Plaintiff will move for Final certification of the Settlement Class for settlement purposes only in connection with their motion for Final approval of the Settlement. The Settling Defendants expressly reserve the right to contest Settlement Class certification in the event that the Effective Date does not occur.

**10. Terms of the Judgment**

**10.1** If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Settling Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

**11. Conditions of Settlement and Effect of Disapproval, Cancellation or Termination**

**11.1** The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

**(a)** the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 6.1;

**(b)** the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 5.1;

**(c)** Settling Defendants have not exercised their option to terminate the Settlement pursuant to ¶¶ 11.3, 11.4, and 11.5;

**(d)** Plaintiff has not exercised his option to terminate the Settlement pursuant to ¶¶ 11.3 and 11.6;

**(e)** the Court has approved the Settlement as described herein, following Notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment; and

**(f)** the Judgment has become Final as defined in ¶ 1.16.

**11.2** Upon the occurrence of all of the events referenced in ¶ 11.1, any and all remaining interest or right of Settling Defendants or any other Released Defendant Parties in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

**11.3** The Settling Defendants and Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice (including email) of their election to do so ("Termination Notice"), through counsel, to all other parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the Judgment in any material respect; or (iv) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States. Plaintiff shall not

have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any Plan of Allocation.

**11.4** In addition to the foregoing, the Settling Defendants shall also have the right to terminate the Settlement in the event the Opt-Out Threshold (defined below) has been reached.

**11.5** Simultaneously herewith, Settling Defendants' Counsel and Lead Counsel are executing a Confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Settling Defendants shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Opt-Out Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.

**11.6** In addition to all of the rights and remedies that Plaintiff has under the terms of this Stipulation, Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 2.1, but only if: (i) Lead Counsel have notified Settling Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within seven (7) calendar days after Lead Counsel have provided such written notice.

**11.7** In the absence of any of the events enumerated in ¶¶ 11.3-11.4 or ¶ 11.6, no Party shall have the right to terminate the Settlement Agreement for any reason. None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Party engages in a material breach of the terms

hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

**11.8** If the Settlement outlined herein is not approved by the Court, or the Settlement is terminated for any reason pursuant to the terms of this Stipulation, or if the Effective Date fails to occur for any reason, this Stipulation shall be a nullity, and none of their terms shall be effective or enforceable, and the Settlement Amount, including any accrued interest at the same rate as is earned by the Settlement Fund less Notice and Administration Costs, shall be returned to the Persons or entities paying the same in accordance with ¶ 8.2 herein. Additionally, the Parties shall revert to their litigation positions in the Action immediately prior to the execution of the August 13, 2026 Term Sheet, and the fact and terms of the Settlement shall not be admissible in any trial or otherwise used against any Party.

**12. No Admission of Wrongdoing**

**12.1** Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of this Stipulation or the Supplemental Agreement, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the

Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their Claims is without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the FAC would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided*, *however*, that the Stipulation, Supplemental Agreement, or Judgment may be introduced in any proceeding, whether in Court or otherwise, as may be necessary to enforce the Settlement, Supplemental Agreement, or Judgment, or as otherwise required by law.

**13. Miscellaneous Provisions**

**13.1** All of the exhibits to the Stipulation, except any Plan of Allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation prevail.

**13.2** The Parties intend the Settlement to be the full, final, and complete resolution of all Claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiff Claims and Released Defendant Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel agree that each has complied fully with Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and Settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

**13.3** This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

**13.4** The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**13.5** The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses and implementing and enforcing the terms of this Stipulation.

**13.6** The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

**13.7** This Stipulation and its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Settling Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents. The Parties acknowledge and agree that they are not relying on any representations or warranties not contained herein. It is understood by the Parties that, except for the matters expressly represented herein, the facts or law relate to the Released Claims, and with respect to which this Stipulation is entered into, may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects binding and not subject to termination by reason of any such different facts or law.

**13.8** Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

**13.9** Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

**13.10** Pursuant to the Settlement Class Action Fairness Act ("CAFA"), the Settling Defendants shall serve any required notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

**13.11** All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

**13.12** This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in .pdf format shall be deemed originals.

**13.13** This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

**13.14** This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

**13.15** The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

**13.16** This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

**13.17** All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full

authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

**13.18** The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

**13.19** If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶ 6.1 above, the Parties shall consult the Mediator to attempt a resolution.

**13.20** Except as otherwise provided herein, the Parties shall bear their own costs.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed by their duly authorized attorneys as of October 12, 2026.

**BRAGAR EAGEL & SQUIRE, P.C.**

By ______________________
Brandon Walker
Lawrence Eagel
Melissa Fortunato
Marion Passmore
810 Seventh Avenue, Suite 620
New York, NY 10019
(212) 308-5858
Email: walker@bespc.com
eagel@bespc.com
fortunato@bespc.com
Passmore@bespc.com

*Lead Counsel for Lead Plaintiff and the Settlement Class*

**MARION & ALLEN, P.C.**

By:____________________
Roger K. Marion
488 Madison Avenue, Suite 1120
New York, NY 10022
rmarion@rogermarion.com
Tel.: (212) 658-0350
Fax: (212) 308-8582

**STEVENS & LEE, P.C.**

By: /s/ David M. Stewart (by permission)
David M. Stewart
669 River Drive, Suite 201
Elmwood Park, NJ 07407
david.stewart@stevenslee.com
Tel.: (201) 857-6773
Fax: (610) 371-7363

By: /s/ Ryan L. O'Neil (by permission)
Ryan L. O'Neill (admitted *pro hac vice*)
669 River Drive, Suite 201
Elmwood Park, NJ 07407
ryan.oneill@stevenslee.com
Tel.: (201) 857-6769
Fax: (610) 236-4909

*Counsel for Defendant Andrew Fox*

**McCARTER & ENGLISH, LLP**

By:______________________
Gregory J. Hindy
250 West 55th Street, 13th Floor
New York, NY 10019
(212) 609-6800
ghindy@mccarter.com

*Counsel for Defendants Craig Denson and Leah Schweller*

**MARION & ALLEN, P.C.**

By:____________________
Roger K. Marion
488 Madison Avenue, Suite 1120
New York, NY 10022
rmarion@rogermarion.com
Tel.: (212) 658-0350
Fax: (212) 308-8582

**STEVENS & LEE, P.C.**

By:____________________
David M. Stewart
669 River Drive, Suite 201
Elmwood Park, NJ 07407
david.stewart@stevenslee.com
Tel.: (201) 857-6773
Fax: (610) 371-7363

By:____________________
Ryan L. O'Neill (admitted *pro hac vice*)
669 River Drive, Suite 201
Elmwood Park, NJ 07407
ryan.oneill@stevenslee.com
Tel.: (201) 857-6769
Fax: (610) 236-4909

*Counsel for Defendant Andrew Fox*

**McCARTER & ENGLISH, LLP**

By:____________________
Gregory J. Hindy
250 West 55th Street, 13th Floor
New York, NY 10019
(212) 609-6800
ghindy@mccarter.com

*Counsel for Defendants Craig Denson and Leah Schweller*

**BAKER BOTTS L.L.P.**

By: /s/ Amy Pharr Hefley
Amy Pharr Hefley
S.D.N.Y. Bar No. 6140370
Anthony J. Lucisano (admitted *pro hac vice*)
Texas Bar No. 24102118
910 Louisiana Street
Houston, Texas 77002-4995
Tel.: (713) 229-1270
Fax: (713) 229-2770
amy.hefley@bakerbotts.com
anthony.lucisano@bakerbotts.com

*Counsel for Defendants Philip P. Scala, James Murphy, Benjamin Carson, Jr., Baron Davis, and Justin Deutsch*

**DINSMORE & STOHL LLP**

By:________________________
Javier F. Flores
101 Arch Street
Suite 1800
Boston, MA 02110
Tel.: (857) 305-4600
javier.flores@dinsmore.com

Harold T. Schisler, II (*pro hac vice*)
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel.: (513) 977-8200
Fax.: (513) 977-8141
toby.schisler@dinsmore.com

*Counsel for Defendants Chantel E. Lenard, Gary Jacobs, Amy Hanson, and Jacky Wu*

**BAKER BOTTS L.L.P.**

By:________________________
Amy Pharr Hefley
S.D.N.Y. Bar No. 6140370
Anthony J. Lucisano (admitted *pro hac vice*)
Texas Bar No. 24102118
910 Louisiana Street
Houston, Texas 77002-4995
Tel.: (713) 229-1270
Fax: (713) 229-2770
amy.hefley@bakerbotts.com
anthony.lucisano@bakerbotts.com

*Counsel for Defendants Philip P. Scala, James Murphy, Benjamin Carson, Jr., Baron Davis, and Justin Deutsch*

**DINSMORE & STOHL LLP**

By:________________________
Javier F. Flores
101 Arch Street
Suite 1800
Boston, MA 02110
Tel.: (857) 305-4600
javier.flores@dinsmore.com

Harold T. Schisler, II (*pro hac vice*)
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel.: (513) 977-8200
Fax.: (513) 977-8141
toby.schisler@dinsmore.com

*Counsel for Defendants Chantel E. Lenard, Gary Jacobs, Amy Hanson, and Jacky Wu*