**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID FINKELSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW FOX, LEAH SCHWELLER, CRAIG DENSON, PHILLIP P. SCALA, JUSTIN DEUTSCH, JAMES MURPHY, BARON DAVIS, BENJAMIN CARSON, JR., CHANTEL E. LENARD, GARY JACOBS, AMY HANSON, JACKY WU, KENNETH ORR, KORR ACQUISITIONS GROUP, INC., KORR VALUE, L.P., ARENA INVESTORS, LP, AI AMPED I, LLC, AI AMPED II, LLC, MT. WHITNEY SECURITIES, LLC, ARENA ORIGINATION CO., LLC, ARENA FINANCE MARKETS, LP, ARENA SPECIAL OPPORTUNITIES FUND, LP, ARENA SPECIAL OPPORTUNITIES PARTNERS, I, LP, ARENA STRUCTURED PRIVATE INVESTMENTS LLC, and ARENA INVESTORS GP, LLC,<br><br>Defendants. | Case No. 1:24-cv-04056 (JMF)<br><br>Hon Jesse M. Furman |

**~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, Court-appointed Lead Plaintiff Timothy K. Klintworth ("Plaintiff"), on behalf of himself and all other members of the Settlement Class (defined herein), on the one hand, and Andrew Fox, Leah Schweller, Craig Denson, Phillip Scala, Justin Deutsch, James Murphy, Baron Davis, Benjamin Carson, Jr., Chantel Lenard, Gary Jacobs, Amy Hanson, and Jacky Wu

(collectively, the "Settling Defendants", and together with Plaintiff, the "Parties"), have entered into the Stipulation and Agreement of Settlement, dated October 12, 2026 (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the Claims alleged in the Fourth Amended Complaint, filed on May 19, 2025, on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this order, and the Parties to the Stipulation having consented to the entry of this order;

IT IS HEREBY ORDERED, this 26th day of October, 2026 that:

1. Capitalized terms not defined herein have the same meanings defined in the Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of Settlement only, the Settlement Class consisting of all Persons and entities who purchased or otherwise acquired Charge common stock during the period from October 28, 2021, through and including February 28, 2024 (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are the Settling Defendants, other former officers and directors of Charge, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors, or assigns, the Settling Defendants' liability insurance carriers and any affiliates or subsidiaries thereof in their capacities as such, and any entity in which any excluded party has or had a controlling interest. Also excluded from the Settlement Class will be any Person who or which requests exclusion from the Settlement Class by submitting a timely and valid request for exclusion that is accepted by the Court.

3. The Court finds and preliminarily concludes that the prerequisites of class action certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) Plaintiff's Claims are typical of the Settlement Class, and Plaintiff is not subject to any atypical defenses;

(d) Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the Claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the Claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their Claims.

4. Pursuant to Federal Rule of Civil Procedure 23, preliminarily and for the purposes of this Settlement only, Plaintiff is certified as the class representative on behalf of the Settlement

Class ("Class Representative"), and Lead Counsel are hereby appointed as counsel for the Settlement Class ("Class Counsel").

5. The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), taking into account that: (1) Plaintiff and Lead Counsel have adequately represented the Settlement Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorneys' fees and expenses; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other, subject to further consideration at the Settlement Hearing described below.

6. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23, which is hereby scheduled to be held before the Court, in Courtroom 24B in the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY ~~either in person or telephonically at the Court's discretion~~, on February 11, 2027, at 10:00 a.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered and to determine whether all Released Plaintiff Claims as against the Released Defendant Parties and all Released Defendant Claims as against the Released Plaintiff Parties shall be settled and released;

(c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Plaintiff should be finally certified as a representative of the Class; whether Lead Counsel should be finally appointed as counsel for the Class;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an Award to Plaintiff); and

(f) to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically, or modify any of the dates herein, without further individual notice to members of the Class. Any such changes shall be posted on the Settlement Website.

8. The Court approves the form, substance, and requirements of the (i) Notice of Pendency of Class Action and Proposed Class Action Settlement (the "Long Notice"); (ii) Proof of Claim and Release form; (iii) Summary Notice of Pendency of Class Action and Proposed Class Action Settlement (the "Summary Notice"); and (iv) the short form postcard notice (the "Postcard Notice"), all of which are attached as Exhibits A-1, A-2, A-3 and A-4, respectively, to the Stipulation. The Notices shall be updated to include the date and time of the fairness hearing and the dates set forth herein.

9. The Court approves the retention of Epiq Systems, Inc. as the Claims Administrator.

10. As provided in the Stipulation, prior to or following the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of Claims and administration of the Settlement out of the Settlement Fund not to exceed $250,000 without further approval from the Defendants and without further order of the Court.

11. The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit A-4, to be mailed via first-class mail within thirty (30) calendar days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified through reasonable investigation.

12. The Claims Administrator shall cause the Long Notice and the Claim Form, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be posted on the Claims Administrator's website within thirty (30) calendar days after entry of this Preliminary Approval Order.

13. The Claims Administrator shall transmit the Summary Notice over a recognized wire service (*e.g.*, *GlobeNewsire*, *PR Newswire*), substantially in the form annexed to the Stipulation as Exhibit A-3, within fourteen (14) calendar days after the Notice Date.

14. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons and entities that purchased or acquired Charge common stock during the Class Period as record owners but not as beneficial owners. Such nominees shall either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners; or (b) within seven (7) calendar days of

receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

15. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice, posting of the Long Notice and Claim Form, and publication of the Summary Notice.

16. The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled thereto.

17. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form annexed to the Stipulation as Exhibit A-2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked on or before 120 calendar days after the Notice Date. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Claim Form shall be deemed to have been submitted (i) when electronically received via the electronic Claims submission process on the Claims Administrator's website with the claimant receiving an electronic confirmation of submission; or (ii) when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Postcard Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 6 of this order.

(b) The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or

modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

18. Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

19. Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than (30) calendar days prior to the Settlement Hearing. Such request for exclusion shall: (i) indicate the name, address and telephone number of the Person or entity seeking exclusion; (ii) state that the Settlement Class Member(s) "request to be excluded from the Settlement Class in *Finkelstein v. Andrew Fox, et al.*, Case No. 1:24-cv-04056 (JMF) (S.D.N.Y.)"; (iii) indicate the number of Charge common shares purchased, acquired, and sold, as well as the dates and prices of such purchases, acquisitions, and sales; and (iv) be signed by the Person or entity requesting exclusion. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

20. Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

21. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has ~~served by hand or by mail~~ filed with the Court his, her, or its written objection and supporting papers, ~~such that they are received~~ on or before thirty (30) calendar days before the Settlement Hearing, ~~upon Lead Counsel: Lawrence P. Eagel, Bragar Eagel & Squire, P.C., 810 Seventh Avenue, Suite 620, New York, New York 10019; and Defendants' Counsel: Marion & Allen, P.C., Roger K. Marion, 488 Madison Ave., Suite 1120, New York, NY 10022, Stevens & Lee, P.C., David M. Stewart, 669 River Dr., Suite 201, Elmwood Park, NJ 07407, McCarter & English, LLC, Gregory J. Hindy, 250 West 55th St., 13th Fl., New York, NY 10019, Baker Botts L.L.P., Amy Pharr Hefley, 910 Louisiana St., Houston, TX 77002, Dinsmore & Stohl LLP, Javier F. Flores , 101 Arch St., Suite 1800, Boston, MA 02110; and has filed, either by mail or in Person, said objections and supporting papers with the Clerk, United States District Court, Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007~~.

22. Any objections, filings, and other submissions by the objecting Settlement Class Member must: (a) state the name, address, and telephone number of the Person or entity objecting and must be signed by the objector; (b) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove membership in the Settlement Class, including the

number of Charge common shares that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

23. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.

24. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

25. Pending final determination of whether the Settlement should be approved, Plaintiffs, ~~all Settlement Class Members, and each of them,~~ and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Plaintiff Claims against the Released Defendant Parties.

26. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or

Any opposition to such papers shall be filed within two weeks.

before thirty (30) calendar days prior to the date set herein for the Settlement Hearing. ^ If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. No Person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

28. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation or further order of the Court.

29. Neither the Settling Defendants nor their counsel shall have any obligation for, responsibility for, or involvement in the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

30. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of August 13, 2026.

31. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**SO ORDERED.**

DATED this 26th day of October, 2026

Honorable Jesse M. Furman
United States District Judge

The Clerk of Court is directed to terminate ECF No. 218.